Filed 11/5/24  P. v. Cervantes CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JAVEN ANTHONY CERVANTES,<br><br>　　Defendant and Appellant. | G058554<br><br>(Super. Ct. No. 01WF2314)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge. Reversed and remanded with instructions.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis, Deputy Attorney General, for Plaintiff and Respondent.

\*　　　　\*　　　　\*

This appeal arises from a petition for resentencing pursuant to Penal Code section 1172.6 (formerly 1170.95). Defendant Javen Cervantes was convicted of first degree murder, and the jury found true a special circumstance that he intentionally killed the victim while an active member of a criminal street gang. This court affirmed that conviction in a prior opinion. (*People v. Ramirez* (Jan. 18, 2006, G033858) [nonpub. opn.].) At his trial, the jury was presented with three different theories of aiding and abetting liability: direct aiding and abetting, natural and probable consequences, and felony murder.

In 2019, Cervantes filed the underlying petition for resentencing, which the trial court denied at the prima facie stage without appointing counsel. A panel of this court affirmed that denial, concluding that the jury's finding in conjunction with a gang special circumstance that Cervantes "intentionally killed the victim" disqualified him from relief.

Cervantes appealed that opinion to the California Supreme Court, which granted review and held the matter pending *People v. Lewis* (2021) 11 Cal.5th 952. There, our high court held that a petitioner is entitled to counsel prior to the court conducting a prima facie analysis of the petition. The court transferred the matter back to us to be reconsidered in light of its decision. Afterward, a different panel of this court once again affirmed the order denying the resentencing petition, concluding that though it was error not to appoint counsel prior to the prima facie analysis, the error was harmless because Cervantes was ineligible for relief as a matter of law.

Cervantes appealed that opinion to the California Supreme Court as well, which granted review and held the matter pending the outcome of *People v. Curiel* (2023) 15 Cal.5th 433 (*Curiel*). After our high court decided that case, it transferred the present matter back to us with instructions to

2

vacate our prior opinion and reconsider the appeal in light of *Curiel*. We, therefore, vacated our prior opinion and afforded the parties an opportunity to submit supplemental briefs.

The Attorney General filed a supplemental brief conceding that the trial court's order denying the resentencing petition at the prima facie stage must be reversed in light of *Curiel*. Unsurprisingly, Cervantes's supplemental brief came to the same conclusion. We agree with the parties.

In *Curiel*, our high court clarified what would need to be shown at a prima facie hearing in order to determine, as a matter of law, that the defendant was guilty as a direct aider and abettor to murder (and thus ineligible for resentencing). As relevant here, the *Curiel* court determined that it was not sufficient that a jury merely determined that the defendant acted with the intent to kill the victim. (*Id.* at pp. 461-462.) "Although intent to kill is certainly blameworthy, it is insufficient standing alone to render a person culpable for another's acts. The aider and abettor must know the direct perpetrator intends to commit the murder or life-endangering act and intend to aid the direct perpetrator in its commission. It is this mental relationship to the perpetrator's acts that confers liability on the aider and abettor." (*Id.* at p. 468.)

That mental-relationship requirement compels us to reverse the trial court's order. There is nothing in the record of conviction that would permit us to deduce that Cervantes specifically shared the killer's intent. He may have; but we cannot make that determination as a matter of law. Accordingly, his petition for resentencing cannot be decided at the prima facie stage.

## DISPOSITION

The order denying Cervantes's petition for rehearing is reversed. On remand, the trial court is directed to issue an order to show cause per section 1172.6, subdivision (c).


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

4